UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL W. SHIFLEY | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00743-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Michael W. Shifley's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On January 22, 2016, Petitioner entered a plea of guilty to a lesser included offense of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Court accepted Petitioner's plea, and on April 29, 2016, sentenced Petitioner to a total of 68 months in prison and a three-year term of supervised release.

In his pro se motion under § 2255, Petitioner asserts two grounds for seeking relief. First, Petitioner requests consideration by the Court "for imposition of concurrent sentence for undischarged state prison term." ECF No. 1 at 4. Second, Petitioner claims that sentencing counsel was ineffective for "failing to ask the Court to exercise its discretion to run—what was then an undischarged state prison term—concurrent with the federal sentence, because those charges were related to each other." *Id.* at 5. As Petitioner has not requested an evidentiary hearing, and as the record before the Court

conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.[1]

## BACKGROUND

**Criminal Proceedings**

As part of the Guilty Plea Agreement signed by both parties, Petitioner stipulated to the following facts. The Drug Enforcement Administration and the Missouri State Highway Patrol began an investigation of Rakesh K. Patel in April 2014 for the distribution of methamphetamine from the Executive Inn in Farmington, Missouri. During this investigation, a conspiracy to re-distribute acquired methamphetamine from the Executive Inn was discovered between Patel and multiple individuals, including Petitioner. The investigation involved seven controlled purchases of methamphetamine from Patel by undercover investigators between April and July of 2014, totaling substantially more than 50 grams of actual methamphetamine.

Following authorization to intercept Patel's cellular telephone communications on August 13, 2014, calls initiated by Patel to multiple methamphetamine suppliers were intercepted and monitored. These calls included calls by Patel to Petitioner to discuss Petitioner acquiring methamphetamine from an unknown supplier to be delivered to Patel. Following the receipt of a precision location warrant from the Circuit Court of St.

---

[1] The undersigned notes that Petitioner's claims may be moot because Petitioner was released from the federal Bureau of Prisons on January 22, 2020 and is not listed in the Missouri Department of Corrections' online system. Nevertheless, because the parties have not addressed the question of mootness and analysis of Petitioner's claims is straightforward, the Court will consider this case on the merits. *E.g., Farris v. United States*, No. 4:15-CV-01728 JAR, 2019 WL 316567, at *2 (E.D. Mo. Jan. 24, 2019).

Francois County in Farmington, Missouri, investigators monitored the global positioning system location of the phone being used by Petitioner and a co-conspirator for the travel from Farmington, Missouri to Springfield, Missouri. Petitioner's co-conspirator called Patel on August 19, 2014, to confirm the purchase of methamphetamine prior to returning to Farmington, Missouri.

As Petitioner and his co-conspirator were returning to Farmington, Missouri, Missouri State Highway Patrol troopers conducted a traffic stop of the vehicle. After Petitioner consented to a search of the vehicle and stated there was methamphetamine in the vehicle trunk, the troopers found a plastic bag of methamphetamine and a set of digital scales in the vehicle trunk. A lab analysis determined the contents of the plastic bag to be 445 grams of actual methamphetamine.

Petitioner was interviewed on August 21, 2014 by investigators post-*Miranda*[2] warnings, and during this interview, Petitioner stated that he purchased the methamphetamine from an individual in Republic, Missouri with money Petitioner had received from Patel. Petitioner further stated that he was returning to Farmington, Missouri, to deliver the acquired methamphetamine to Patel, when the traffic stop occurred, and he admitted that he had been selling methamphetamine to Patel for the previous three months. In connection with his plea, Petitioner admitted that he knowingly participated in a conspiracy with Patel and others to distribute actual methamphetamine between April 1, 2014 and March 3, 2015.

---

[2] *Miranda v. Arizona,* 384 U.S. 436 (1966).

On July 23, 2015, Petitioner was indicted on one count of conspiracy to distribute 50 grams or more of methamphetamine. The charge carried a mandatory minimum sentence of ten years, a maximum sentence of life, a fine of not more than $10,000,000, or both. On January 22, 2016, Petitioner entered a plea of guilty to a lesser included offense of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The plea to the lesser included offence reduced the maximum penalty to a term of imprisonment of not more than twenty years, and with no mandatory minimum term of imprisonment.

As part of the Guilty Plea Agreement signed by both parties, Petitioner agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *United States v. Shifley*, No. 4:15-cr-114-AGF, ECF No. 330 at 9. Petitioner also stated, as part of the Guilty Plea Agreement, that he was "fully satisfied with the representation received from defense counsel," and acknowledged that the guilty plea was made of the Petitioner's "own free will." *Id.* at 13.

At the change-of-plea hearing held on the day the plea agreement was executed, Petitioner confirmed he understood the terms of the indictment and plea agreement, that he understood the rights he was giving up by pleading guilty, including all of his rights associated with his right to a trial; and that he was guilty of the crime to which he was

pleading guilty.[3] The Court found that Petitioner's plea was knowing, intelligent, and voluntary, and thus accepted Petitioner's guilty plea.

On April 29, 2016, Petitioner was sentenced to a total of 68 months in prison, and a three-year term of supervised release. This sentence was well below the range advised by the United States Sentencing Guidelines ("Guidelines"), which totaled 151-188 months.[4] *See id.*, ECF No. 470, 471 & 473. The Court found that such a reduction was warranted for the reason stated in the presentence investigation report and the parties' motions. *Id.*, ECF No. 471 & 473. The judgment did not specify whether the sentence should run concurrent or consecutive to any other sentence. Petitioner did not appeal his sentence.

**Motion to Vacate**

As noted above, Petitioner asserts two claims in his motion under § 2255. First, Petitioner asserts "[c]onsideration for imposition of concurrent sentence for undischarged state prison term" is warranted on the basis that this Court has "discretion in imposing a concurrent sentence." ECF No. 1 at 4.

---

[3] The transcript of the change-of-plea hearing was not requested by the parties and does not appear in the record.

[4] A quantity of more than 150 grams but less than 500 grams of actual methamphetamine resulted in a total offense level of 29. Defendant had 16 criminal history points, placing him in criminal history category VI. Defendant was also determined to be a Career Offender under the Guidelines, but that did not change his Guideline range as it, too, resulted in a total offense level of 29 and a criminal history category of VI.

Second, Petitioner asserts that sentencing counsel was ineffective for failing to ask the Court to exercise its discretion to order that the federal sentence run concurrent with an undischarged state prison term. Specifically, Petitioner contends that the sentences should have run concurrently because the federal and state charges were related. Alternatively, Petitioner asks for at least "partial concurrency" with respect to 18 months of his sentence. *Id.* at 15.

The government responds that Petitioner's claim for consideration by the Court of a concurrent sentence with regard to an undischarged state prison term is barred by waiver based on the Guilty Plea Agreement and is also untimely under the Federal Rules of Criminal Procedure. ECF No. 4 at 8-9. Additionally, the government responds that Petitioner's claim of ineffective assistance of counsel is deficient based on the failure "to establish that but for defense counsel's alleged errors, [Petitioner] would have foregone pleading guilty and proceeded to trial." *Id.* at 10. Finally, the government contends that Petitioner's claims are without merit in any event because the federal charges were not related to his state charges, and under the Guidelines, any of Petitioner's undischarged state prison terms should have run consecutive to the federal sentence. *Id.* at 14.

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 225(a).

6

Section 2255 rights can be waived in a plea agreement if a defendant knowingly and voluntarily makes the "decision to be bound by the provisions of the plea agreement, including the waiver provisions." *DeRoo v. U.S.*, 223 F.3d 919, 923 (8th Cir. 2000).  A "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted).

**<u>Consideration for Imposition of Concurrent Sentence (Claim 1)</u>**

As an initial matter, Petitioner's Claim 1 is likely not cognizable under § 2255, *see Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) ("[o]rdinary questions of [sentencing] guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim"), and is procedurally defaulted having not been preserved in this Court or raised on direct appeal, *see United States v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995).

In any event, Petitioner's Claim 1 is defeated by his signature of the Guilty Plea Agreement.  As noted above, Petitioner agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel."  *Shifley*, ECF No. 330 at 9.  In addition, Petitioner acknowledged that the guilty plea was made of the Petitioner's "own free will."  *Id.* at 13.[5]  Petitioner presents no reason to question the verity of his representations in the

---

[5]   Again, although the transcript of the change of plea hearing is not available in the record, the undersigned notes that the Court found—and Petitioner does not dispute—that

Guilty Plea Agreement and during the plea colloquy in this matter. *See, e.g., United States v. Fight*, No. 4:11-cv-075, 2012 WL 503941, at *6 (D.N.D. Feb. 15, 2012) ("In the plea agreement, [Petitioner] expressly waived his right to argue misapplication of the Sentencing Guidelines as a grounds for relief under 28 U.S.C. § 2255. The Eighth Circuit has also concluded that such a claim is not cognizable under Section 2255.").

For all of these reasons, the Court will deny Petitioner's Claim 1.

**Ineffectiveness of Sentencing Counsel (Claim 2)**

To establish ineffective assistance of counsel, "the petitioner must show 'counsel's representation fell below an objective standard of reasonableness' and 'that such deficient performance prejudiced' the defense." *Davis v. United States*, 858 F.3d 529, 532 (8th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Prejudice in the sentencing context requires the petitioner to show "a reasonable probability that his sentence would have been different but for the deficient performance." *Coleman v. United States*, 750 F.3d 734, 739 (8th Cir. 2014). "A reasonable probability is a probability sufficient to undermine confidence in the outcome or a substantial, not just conceivable, likelihood of a different result." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044–45 (8th Cir. 2019) (citation omitted).

Petitioner has not demonstrated ineffective assistance because he has not explained why any request for concurrent terms would have had merit. An attorney's failure to raise a meritless argument does not constitute ineffective assistance. *E.g.,*

---

the plea was knowing, intelligent, and voluntary.

*Dodge v. Robinson*, 625 F.3d 1014, 1019 (8th Cir. 2010).  In particular, Petitioner has not identified by case number or described the underlying criminal conduct giving rise to the undischarged state prison term in order for the Court to evaluate how the Guidelines would apply.  Nor has Petitioner filed a reply brief or otherwise responded to the government's thorough and well-reasoned argument that the Guidelines would have advised consecutive terms here because the charges were not related.  *See* ECF No. 4 at 13-17.  The government's argument is based in part on descriptions of Petitioner's four state crimes and numerous probation and parole violations as set forth in the United States Probation Officer's Final Presentence Investigation Report, to which Petitioner did not object, and the Court finds the government's argument persuasive.  Based on those descriptions, the Court agrees that the conduct does not appear to be related, as his state convictions related to earlier points in time and involved three convictions for attempts to manufacture (not distribute) methamphetamine, and one conviction for assault 2nd degree.  Moreover, the Guidelines recommend that where, as here, the defendant was on state probation or parole at the time of the federal offense, and has such probation or parole revoked, the sentence for the federal offense should be imposed consecutively to the sentence imposed for revocation.  USSG § 5G1.3, Application Note 4(C).

For the same reason, Petitioner has not established prejudice because he has offered nothing but speculation that, had his counsel specifically requested concurrent sentences, this Court would have exercised its discretion to grant such a request.  As noted above, Petitioner has not described the underlying criminal conduct giving rise to the undischarged state prison term, and the government has persuasively argued that the

charges were not related and would warrant a consecutive sentence. In light of these facts, the Court likely would have denied a request for concurrent sentences. *See, e.g.*, *United States v. Hopkins*, 568 F. App'x 143, 148 (3d Cir. 2014) (holding that the § 2255 petitioner failed to establish *Strickland* prejudice as a result of counsel's failure to advocate for a concurrent sentence where "the state and the federal convictions were for entirely different crimes").

**Evidentiary Hearing**

Petitioner does not ask for an evidentiary hearing, and the Court does not see the need for one because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 USC § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Michael W. Shifley's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of March, 2020.